**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| JOHN L. INGRAM, III | : |  |
| 125 Susan Drive | : |  |
| Elkins, PA 19027 | : |  |
|              Plaintiff | : |  |
|    v. | : |  |
|  | : |  |
| ABINGTON SCHOOL DISTRICT AUTHORITY | : | Civil Action No. _____ |
| 970 Highland Avenue | : |  |
| Roslyn, PA 19001 | : |  |
|              Defendant | : |  |

_____

## CIVIL COMPLAINT

Plaintiff, John L. Ingram, III, by and through his attorneys, The Derek Smith Law Group, PLLC, hereby bring this civil action pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) *et. seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12101 *et. seq.* as amended by the Americans with Disabilities Amendment Act of 2008 ("ADAA"), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et. seq.*, and 42 U.S.C. §1983, and seek relief for race, color, and disability discrimination, disparate treatment, hostile work environment, and retaliation related to Plaintiff's employment with Defendant, Abington School District Authority. Plaintiff alleges and avers in support thereof:

### Parties

1. Plaintiff, John L. Ingram, III, is an adult African American male individual with black skin color and is a cancer survivor with various ailments, and/but worked for Abington School District Authority as a bus driver during times relevant to this litigation.

2. Defendant, Abington School District Authority ("Defendant"), is a public-school district existing under the laws of the Commonwealth of Pennsylvania with a principal office at the above captioned address, and at all times relevant was Plaintiff's employer.

3. Defendant accepted, agreed, adopted, acquiesced, and/or otherwise was bound by the actions, omissions, and conduct of its owners, managers, supervisors, employees, and agents including, but not limited to Defendant's Assistant Director of Human Resources, Jennifer Williams.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the Pennsylvania State Law causes of action.

5. Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia).

6. Furthermore, Plaintiff has adequately satisfied non-Jurisdictional Prescriptions to bring these employment discrimination claims as he exhausted administrative remedies by having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), and Plaintiff having received a Notice of Right to Sue.

**Summary of Facts**

7. Plaintiff, John L. Ingram, III, began work for Defendant around May of 2017.

8. Plaintiff suffers from various ailments, including being a cancer survivor, which make him immunocompromised, especially with regard/respect to the COVID-19 virus.

9. Plaintiff's ailments and cancer substantially affected his ability to complete daily activities including focus, concentration, walking, fatigue, and work.

10. At all times relevant, Defendant knew of Plaintiff's disabilities, as Plaintiff made Defendant aware of his disabilities at the beginning of his employment and his receipt of SSDI.

11. Plaintiff alleges that Defendant's Director of Human Resources, Jennifer Williams, a Caucasian female, mistreated African American/black employees by applying greater scrutiny on work, and the offering Plaintiff fewer accommodations than she had offered similarly situated Caucasian bus drivers.

12. When the COVID-19 Pandemic began around March of 2020, Plaintiff was unusually susceptible to harm from the virus due to his comorbidities and immunocompromised status.

13. Plaintiff told Ms. Williams that in addition to his own susceptibility, he was concerned about his wife, son, and father-in-law, both of whom resided with Plaintiff, and who/whom were also immunocompromised.

14. In or around September 2020, Defendant instructed Plaintiff to return to work.

15. Plaintiff requested reasonable accommodations in the form of unpaid leave through November 8, 2020, and/or an accommodated vehicle to protect against the virus.

16. Plaintiff received unpaid leave through November 30, 2020.

17. On or around November 1, 2020, Plaintiff requested an extension of the unpaid leave through February 2021 and Defendant approved Plaintiff's request.

18. Plaintiff requested an extension of his unpaid leave through May 31, 2021.

19. On or around February 12, 2021, Defendant contacted Plaintiff via telephone and gave Plaintiff the ultimatum of return to work or be terminated.

20. During the phone call, Plaintiff further explained his concerns regarding the immunocompromised status of his wife, son, and father-in-law. Plaintiff also explained that he has an allergy to the COVID-19 vaccine and therefore is/was not vaccinated.

21. On or around February 18, 2021, Plaintiff produced a medical certification from his primary care physician related to his inability to work as an immunocompromised individual.

22. In response, Defendant requested that Plaintiff execute a HIPPA Authorization to obtain his medical records.

23. Plaintiff refused to execute the Authorization as his doctor informed him that the certification should be sufficient to obtain an extension of his unpaid leave.

24. Plaintiff has not returned to work in any manner as Defendant has refused to accommodate his disability as it pertains to COVID-19 protocols, such that he cannot return to work.

25. Plaintiff has been constructively discharged by virtue of Defendant's conduct.

26. Plaintiff claims Defendant has further retaliated against him by challenging his unemployment compensation and conduct with his son who/whom is or was a student for Defendant.

27. Plaintiff further maintains that Defendant retaliated against Plaintiff by refusing to allow Plaintiff to renew his Commercial Driver's License thereby reducing his ability to obtain alternative employment following his constructive discharge.

**COUNT ONE**
**Hostile Work Environment – Race/Color**
*Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.*
**Plaintiff v. Defendant**

28. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

29. Defendant is an employer under 42 U.S.C. § 2000e *et. seq* as it is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

30. Plaintiff is a person and has protected classes in his race and color.

31. At all times, Plaintiff was qualified as a bus driver.

32. Under 42 U.S.C. § 2000e-2. *[Section 703]* (a) it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

33. Defendant, by and through Plaintiff's supervisors made remarks and treated Plaintiff disparately in comparison to/with similarly situated individuals outside Plaintiff's protected classes.

34. Defendant's actions and comments were motivated by discriminatory animus.

35. At all times, these actions and comments were unwelcome.

36. The Defendant's comments and conduct had the intent or effect of creating an unreasonably hostile work environment for Plaintiff, which was severe and pervasive, and motivated by Plaintiff's protected class/classes.

37. Plaintiff complained to Human Resources about the hostile work environment including being bullied, targeted, and other types of harassing behaviors but no action was taken.

38. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, loss of enjoyment of life's pleasures, and other similar damages and harms, all to Plaintiff's great detriment.

39. Plaintiff requests equitable relief.

40. Alternatively, as Defendant's comments, conduct, and/or actions were motivated in part by discrimination, Plaintiff is entitled to a charge for Mixed-Motive discrimination for which he is entitled to reasonable attorney's fees.

WHEREFORE, Plaintiff, John L. Ingram, III, hereby demands judgment in his favor and against Defendant, Abington School District Authority, for any and all damages deemed necessary and just by the Court.

### COUNT TWO
### Disparate Treatment – Race/Color and Disability
*Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.*
### Plaintiff v. Defendant

41. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

42. Defendant discriminated and disparately treated Plaintiff, by and through its officers, managers, and supervisors, as follows:

    a. wrongful termination;

    b.    constructive discharge;

    c.    unnecessary strict review of Plaintiff's work;

    d.    disparate discipline;

    e.    denial of accommodation;

    f.    denial of reasonable work schedules and amenities, under the circumstances; and,

    g.    other treatment that was wrongful and disparate on the basis of race/color.

43.    As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

44.    Alternatively, as Defendant considered Plaintiff's protected classes in the foregoing discrimination and conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, John L. Ingram, III, hereby demands judgment in his favor and against Defendant, Abington School District Authority, for any and all damages deemed necessary and just by the Court.

## COUNT THREE
### Hostile Work Environment and Disparate Treatment - Disability
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
### Plaintiff v. Defendant

45.    Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

46.    Defendant is an employer under the ADA as it is engaged in an industry affecting commerce that has 15 or more employees for each working day in each of 20 or more calendar weeks, in the current or preceding calendar year.

47. Plaintiff is a qualified individual with a disability if he has "a physical or mental impairment that substantially limits one or more major life activities of such individual" and/or "being regarded as having such an impairment." 42 U.S.C. §12102(a) *and also* 29 C.F.R. §1630.2(g).

48. Specifically, Plaintiff's cancer and related conditions (which qualify him for Social Security Disability benefits) substantially limit and/or impair his ability to work, focus, and/or perform other daily activities.

49. Alternatively, Defendant perceived Plaintiff as disabled.

50. Defendant, by and through Plaintiff's supervisors and handlers, harassed and bullied Plaintiff creating a hostile work environment based on Plaintiff's disability.

51. For example, and not inclusive of all harassments, Defendant denied Plaintiff an accommodation, and mistreated Plaintiff over his disability.

52. Defendant's comments and conduct were of a discriminatory nature, were severe or pervasive and had the intent and/or effect of unreasonably altering and/or creating a hostile work environment that unreasonably altered and created a hostile work environment.

53. Plaintiff reasonably availed himself of Defendant's anti-harassment policies and procedures, but nothing changed.

54. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

55. Alternatively, as Defendant considered Plaintiff's disability in the foregoing discrimination and conduct, Plaintiff is entitled to a charge for mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

WHEREFORE, Plaintiff, John L. Ingram, III, hereby demands judgment in his favor and against Defendant, Abington School District Authority, for any and all damages deemed necessary and just by the Court.

## COUNT FOUR
### Retaliation
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
**Plaintiff v. Defendant**

56. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

57. Plaintiff engaged in protected activity when he took a leave of absence for his qualified disability and was accommodated with extra leave.

58. Plaintiff engaged in protected activity when, by and through his doctor, he requested accommodations to his working conditions due to the fears of Covid-19.

59. Plaintiff engaged in protected activity when he requested the foregoing accommodations.

60. Defendant retaliated against Plaintiff as follows:

　a. wrongful termination;

　b. constructive discharge;

　c. denial of the accommodations;

　d. unnecessary strict review of Plaintiff's work;

　e. disparate discipline; and,

　f. other treatment that was wrongful and disparate on the basis of race/color.

61. Defendant's foregoing negative and adverse actions and treatment were temporally proximate to Plaintiff's protected activity such that they are unusually suggestive of retaliation, and thus no further evidence is required of retaliation.

62. Alternatively, evidence exists to show Defendant's foregoing negative and adverse treatment and conduct was causally related to the protected activity, and thus retaliatory.

63. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

64. Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

WHEREFORE, Plaintiff, John L. Ingram, III, hereby demands judgment in his favor and against Defendant, Abington School District Authority, for any and all damages deemed necessary and just by the Court.

## COUNT FIVE
**Failure to Reasonably Accommodate, No Interactive Process in Good Faith**
*Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102 et. seq.*
<u>**Plaintiff v. Defendant**</u>

65. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

66. Defendant did not engage the interactive process with Plaintiff in good faith when Plaintiff presented with a need for accommodation regarding his work conditions.

67. Defendant did not attempt to reasonably accommodate Plaintiff.

68. An accommodation would not have caused Defendant any undue hardship.

10

69. As a direct result of Defendant's conduct, Plaintiff received discipline regarding lateness and/or unexcused absences.

70. As a direct result of Defendant's conduct, Plaintiff was constructively discharged from employment.

71. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages, all to Plaintiff's great detriment.

WHEREFORE, Plaintiff, John L. Ingram, III, hereby demands judgment in his favor and against Defendant, Abington School District Authority, for any and all damages deemed necessary and just by the Court.

**COUNT SIX**
**Discrimination, Disparate Treatment, Hostile Work Environment, Failure to Reasonably Accommodate, Failure to Engage the Interactive Process, and Retaliation**
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq.*
**Plaintiff v. Defendant**

72. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

73. Defendant is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant resides in the Commonwealth.

74. Plaintiff is protected under the Pennsylvania Human Relations Act and has protected classes in his race, color, and disability.

75. Defendant subjected Plaintiff to a harassing, hostile work environment, disparately treating Plaintiff, failing to accommodate Plaintiff, failing to engage the interactive

11

process, retaliating against Plaintiff, and otherwise discriminating against Plaintiff, all on the basis of his protected classes as alleged *supra*.

76. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

77. Plaintiff seeks attorney's fees under the Pennsylvania Human Relations Act.

78. Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

WHEREFORE, Plaintiff, John L. Ingram, III, hereby demands judgment in his favor and against Defendant, Abington School District Authority, for any and all damages deemed necessary and just by the Court.

**COUNT SEVEN**
**Discrimination and Retaliation**
*42 U.S.C. §1983*
**Plaintiff v. Defendant**

79. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

80. Defendant is subject to claims under 42 U.S.C. §1983.

81. Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

        proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

82. The Third Circuit has held §1983 is the exclusive remedy to bring claims for 42 U.S.C. §1981 violations against government entities. McGovern v. City of Philadelphia, 554 F.3d 114 (3d Cir. 2009).

83. Under 42 U.S.C. §1981(a):

        All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

84. Here, Defendant discriminated against and disparately treated Plaintiff due to his race and color as alleged *Supra*.

85. Defendant retaliated against Plaintiff for his protected activity as alleged *Supra*.

86. As a direct and proximate result of Defendant's discrimination and retaliation, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out-of-pocket expense, emotional damages, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of reputation, and other similar harms, all to Plaintiff's great detriment.

87. Defendant's actions were done with malice or reckless indifference to Plaintiff's federally protected rights.

88. Plaintiff seeks further damages including attorney's fees and costs.

89.    Plaintiff seeks an award of nominal damages.

WHEREFORE, Plaintiff, John L. Ingram, III, hereby demands judgment in his favor and against Defendant, Abington School District Authority, for any and all damages deemed necessary and just by the Court.


DEREK SMITH LAW GROUP, PLLC

*/s/ Christopher J. Delgaizo*
_____
CHRISTOPHER J. DELGAIZO, ESQUIRE
Attorney for Plaintiff

Attorney I.D. No. 200594
1835 Market Street, Suite 2950
Philadelphia, PA 19103
T: 215-391-4790
Email: Chris@dereksmithlaw.com


Date: January 15, 2024