IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN INGRAM, III, | : |
| Plaintiff, | : |
| | : Civil Action |
| v. | : |
| | : No. 24-0174 |
| ABINGTON SCHOOL DISTRICT AUTHORITY, | : |
| Defendant. | : |

## MEMORANDUM

**J. Younge**                                                                                                    **June 20, 2024**

## I.     INTRODUCTION

Presently before the Court is Defendant Abington School District Authority's partial Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  (Motion to Dismiss, ECF No. 10.)  The Court finds Plaintiff to have sufficiently pled claims to permit him to proceed to discovery. Upon considering all papers submitted in support of this partial Moton to Dismiss and in opposition thereto, and for the reasons set forth in this Memorandum, it is hereby **ORDERED** that said motion is **GRANTED** in part and **DENIED** in Part.

## II.    FACTUAL BACKGROUND[1]

Plaintiff, John Ingram, III, is an African American former employee of Abington School District Authority (hereinafter "ASD"). Central to this partial Motion to Dismiss are Plaintiff's allegations that ASD, through its Director of Human Resources, Mrs. Williams, subjected him to

---

[1] At this time, the court is only restating the facts as alleged, without making any judgment on the truthfulness or veracity of the factual assertions contained within the Amended complaint.

mistreatment/disparate treatment based on his race. (Amended Complaint ¶ 3, ECF No. 8.) Specifically, Plaintiff claims that during his time with ASD, he received fewer workplace accommodations compared to his Caucasian colleagues. (*Id.* at ¶ 3.) Plaintiff also alleges that he was given disciplinary write-ups for "no-call/no-shows" that were not as stated and that Caucasian bus drivers who committed similar or more severe infractions were not disciplined in the same manner. (*Id.*) Plaintiff also brings a disability discrimination claim as well as a retaliation claim under the Americans with Disability Act (hereinafter "ADA")[2]. Claims pled under the ADA are primarily based on allegations that Plaintiff suffered from a weakened immune system caused by cancer and/or cancer treatment and purported complications cause by the COVID-19 virus.

Plaintiff began working as a bus driver for ASD in May 2017 and his employment relationship continued until February 2021, although his final day of in-person, paid employment was in March 2020, at the onset of the COVID-19 pandemic. (*Id.* at ¶ 3-4.) In September 2020, Defendant instructed Plaintiff that all in-person work would resume. (*Id.* at ¶ 3). Plaintiff thereafter communicated to Mrs. Williams that he was battling cancer, among other health issues, which resulted in a compromised immune system, and which would require a reasonable accommodation in the form of unpaid leave. (*Id.*) Defendant granted Plaintiff unpaid leave through November 30, 2020. On or around November 1, 2020, Plaintiff requested an extension on his unpaid leave and was granted said extension through February 2021 (*Id.* at ¶ 5.) On February 12, 2021, Plaintiff requested a third extension, to which Defendant allegedly gave him an ultimatum that he should either return to work or be terminated (*Id.*) Six days later, Plaintiff

---

[2]Plaintiff's disability discrimination claim is not implicated nor subject to ASD's partial Motion to Dismiss. Plaintiff's retaliation claims are at issue in the Motion; however, Plaintiff has agreed to dismiss retaliation claims as discussed hereinbelow.

voluntarily obtained and produced a medical certification from his primary care physician confirming his inability to work due to his compromised immune system. (*Id.* ¶ at 5.) In response, Defendant requested that Plaintiff complete and submit a HIPAA authorization form to release his medical records. Plaintiff declined to comply with Defendant's request and has not returned to work. In this litigation, Plaintiff advances a theory of constructive discharge and argues that Defendant terminated its employment relationship with him. (*Id.* at ¶ 5.)

Plaintiff initiated this action on January 15, 2024. In his *original* complaint, Plaintiff asserted that Defendant created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") through disparate treatment, retaliation, along with associated violations of the ADA, and the Pennsylvania Human Relations Act (hereinafter "PHRA") (Complaint, ECF No. 1.) Shortly thereafter, Defendant filed a partial Motion to Dismiss the *original* complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) – seeking to dismiss Counts I, II, and VII, and parts of Counts III and VI. (ECF No. 7.) Plaintiff subsequently filed an Amended complaint. In the Amended Complaint, Plaintiff removed all language related to the theory that Defendant created a hostile work environment. Instead, Plaintiff now alleges (1) disparate treatment based upon race/color and disability under Title VII (Count I); (2) failure to accommodate under the ADA (Count II); (3) retaliation purportedly under the ADA (Count III); and (4) claims under the Pennsylvania Human Relations Act (PHRA) restating Counts I through III of the Amended Complaint as state law claims (Count IV).

Defendant subsequently filed the partial Motion to Dismiss that is now before the Court. (Motion to Dismiss Amended Complaint, ECF 10.) Pursuant to the Federal Rules of Civil Procedure 12(b)(6), Defendant moves to dismiss all claims for discrimination and retaliation based on race/color in Counts I, III, and IV of the amended complaint. (*Id.*) In his response to

3

Defendant's partial Motion to Dismiss, Plaintiff opposes dismissal of claims for race and color discrimination but does not contest dismissal of certain parts of Count I and IV. (Plaintiff's Response and Opposition to Motion to Dismiss ¶ 1-2, ECF No. 12.) Specifically, Plaintiff concedes that "Race and color retaliation under Counts One and Four were never meant to be pleaded." (*Id.* at ¶ 2, 9.) Plaintiff further claims that Count III contains a "typographic error" that must be amended. Namely, Plaintiff requests that reference to "race/color" in Paragraph 53(f) be struck and replaced with the phrase "protected activity." (*Id.* at ¶ 1, 9). Plaintiff attached a proposed amended complaint with these corrections (Proposed Second Amended Complaint, Motion to Dismiss, Exhibit A, ECF No. 12-3.)

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise the defense that the complaint in question "fail[s] to state a claim upon which relief can be granted," known as a motion to dismiss. The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*,

556 U.S. at 678).  Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendant is liable for the alleged misconduct.

## IV.  DISCUSSION

Defendant moves to dismiss all claims for discrimination and retaliation based on race/color, arguing that Plaintiff has failed to state a claim upon which relief can be granted for (1) racial discrimination/disparate treatment in violation Title VII (Count I), retaliation based on race/color under the ADA (Count III), and (2) race/color retaliation under the PHRA. (Count IV.) The Court addresses each argument in turn.

    A.    *Plaintiff's Racial Discrimination and Disparate Treatment Claims are Sufficient to Withstand Motion to Dismiss*

Plaintiff asserts claims of racial discrimination and disparate treatment under Title VII and the PHRA, which Defendant seeks to Dismiss. At this stage of the litigation, Plaintiff's allegations need only "raise a reasonable expectation that discovery will reveal evidence" that Defendant's treatment of Plaintiff was racially discriminatory. *Twombly*, 550 U.S. at 556. Thus, at this point, the Court must only be able to infer Plaintiff may plausibly meet the standard to establish a case. As per the guidance of this Circuit, to establish a *prima facie* case of racial discrimination, a plaintiff must show that (1) he is a member of a protected class; (2) he is qualified for the position or satisfactorily performed duties required by his position; (3) he suffered an adverse employment action; and (4) either similarly situated non-members of the protected class were treated more favorable, or the circumstances of the adverse employment action gives rise to an inference of unlawful discrimination. *Groeber v. Friedman & Schuman, P.C.,* 555 F. App'x 133, 135 (3d Cir. 2014); *Sarullo v. United States Postal Serv.,* 352 F.3d 789, 797 (3d Cir. 2003). However, as this Circuit has also pointed out, at the Motion to Dismiss stage, Plaintiff need only "put forth allegations that raise a reasonable expectation that discovery will

reveal evidence of the necessary elements." *Groeber*, at 135 (quoting *Fowler v. UPMC Shadyside,* 578 F.3d 203, 213 (3d Cir.2009) (internal quotation and citations omitted). The Court finds Plaintiff's allegations raise a reasonable expectation that further discovery will reveal these elements.

      B.    *Plaintiff Concedes Lack of Support/Error in Race/Color Retaliation Claims, and as Such, the Court Grants Dismissal of Those Claims*

Plaintiff's admission regarding the lack of support for race/color retaliation allegations under Counts III and IV of the Amended Complaint is taken as a candid acknowledgment of error. (*See* Plaintiff's Response in Opposition to Motion to Dismiss Amended Complaint.) Since Plaintiff does not contest Defendant's Motion to Dismiss as it relates to allegations of retaliation based on race/color, continuing litigation on Plaintiff's theory of retaliation would place an unnecessary burden on the Court and the Parties. The Court will grant Defendant's Motion to Dismiss all claims pertaining to race/color retaliation. Relatedly, Plaintiff wishes to strike and replace the term "race/color" in Paragraph 53(f) with the term "protected activity" (Plaintiff's Response in Opposition to Motion to Dismiss Amended Complaint, ECF No. 12.) Because this request is now before the Court without objection, the Court grants Plaintiff's request to strike and replace those terms.

**V.    CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED** in Part and **GRANTED** in Part. An appropriate Order shall follow.

    **IT IS SO ORDERED.**

                          BY THE COURT:

                          /s/ John Milton Younge
                          **Judge John Milton Younge**